13-3894-cv
*Danser v. Bagir Int'l*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fourteen.

PRESENT:     GUIDO CALABRESI,
             DENNY CHIN,
             RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TIMOTHY L. DANSER,
                        *Plaintiff-Appellant,*


             v.                                         13-3894-cv


BAGIR INTERNATIONAL, *et al.,*
                        *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:          Timothy L. Danser, *pro se*, South Hampton,
                                  New York.

FOR DEFENDANTS-APPELLEES:     John P. Keil, Collazo, Florentino & Keil, L.L.P., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Timothy Danser, proceeding *pro se*, appeals from the district court's judgment dated September 18, 2013 dismissing his complaint and denying his motions for the entry of default judgments against defendants-appellees. Danser's *pro se* complaint alleged discrimination in the terms of his employment with defendant-appellee Bagir International and breach of the separation agreement he signed upon leaving the company. By opinion and order dated September 17, 2013, the district court dismissed the complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissal of a cause of action under Federal Rule of Civil Procedure 12(b)(6) *de novo*, accepting all factual allegations in the complaint as true and drawing inferences in the light most favorable to the plaintiff. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). We review a district court's denial of a default judgment for abuse of discretion. *See Swarna v. Al-Awadi*, 622 F.3d 123, 133 (2d Cir. 2010). Likewise, we review the denial of leave to amend a complaint for abuse of discretion. *See Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999).

2

While *pro se* complaints must contain sufficient factual allegations, *pro se* complaints should be "construed liberally" and interpreted "to raise the strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and alteration omitted). District courts should afford "special solicitude" to *pro se* complaints and should grant leave to amend where it would not be futile. *See id.* at 475; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

On appeal, Danser argues that the district court erred in (1) dismissing his claim that defendants breached the parties' separation agreement, (2) denying his motions for default judgments, and (3) denying him leave to amend his complaint. Because Danser does not challenge the district court's determination that his discrimination and retaliation claims were barred by the separation agreement's release provision, we deem any challenge to the district court's dismissal of those claims abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in context of *pro se* appeal, that issues not raised in appellate brief are abandoned).

We affirm the district court's dismissal of the breach of contract claims for substantially the reasons stated by the district court in its thorough opinion. We agree with the district court that Danser did not plead sufficient facts to support his claims that defendants failed to comply with the terms of the separation agreement and, thus, dismissal was appropriate. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564-65 (2007).

3

Additionally, in light of Danser's failure to state a claim, the district court properly declined to enter default judgment against defendants. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." (internal quotation marks omitted) (alterations in original)).

We likewise affirm the district court's denial of Danser's request for leave to amend his complaint. The district court did not explicitly discuss Danser's request for leave to amend, but it implicitly denied the request as leave was not granted. The district court did not abuse its discretion in not granting leave. Danser made the request only in passing, and he did not submit a proposed amended complaint or identify in his opposition to the motions to dismiss any additional factual allegations that would have cured the deficiencies of the complaint.

We have considered Danser's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4